# CHARLESTON.

## BURKE v. NUTTER.

### Submitted February 27, 1917. Decided March 6, 1917.

1. ASSUMPSIT, ACTION OF—*Common Counts.*
    The common counts in assumpsit constitute a kind of equitable action, applicable to almost every case where money has been received by one, which, in justice and conscience, ought not to be retained. (p. 745).

2. SAME—*Money Advanced.*
    Money advanced by plaintiff to defendant, to whom he is then engaged to be married and in expectation of marriage, whether understood and intended as a loan or a gift, is recoverable in assumpsit upon the common counts, if the defendant thereafter breaks the engagement without plaintiff's fault. (p. 745).

Error to Circuit Court, Cabell County.

Action by J. W. Burke against Bettie Nutter. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Williams, Scott & Lovett* and *Cato & Bledsoe,* for plaintiff in error.

*M. P. Wiswell* and *J. W. Perry,* for defendant in error.

WILLIAMS, JUDGE:

Defendant seeks reversal of a judgment recovered against her in an action of assumpsit. The declaration contains only the common counts and is supplemented by a bill of particulars showing plaintiff's claim is for money lent at different times and in various sums, in the months of March, April and July, in the year 1914, aggregating $1,940.11, including interest to the date of the verdict. The action was tried to a jury on the general issue, resulting in a verdict for plaintiff. Defendant admits she received $1,240 of the amount sued for, but insists it was not a loan but an absolute gift to her, and denies receiving any more than that sum.

When plaintiff let defendant have the money he lived in Huntington and she in Charleston, West Virginia, and it is admitted they were then engaged to be married. Defendant broke the engagement by becoming the wife of James Nutter on the 3rd of September, 1914. They had been engaged about twenty years before that time and had lived together illicitly in Huntington, but that engagement was broken off, and they became estranged from each other until sometime in February, 1914, when it appears they again agreed to become husband and wife, and numerous letters passed between them. Under date of February 27, 1914, defendant wrote plaintiff from Charleston that she was in trouble and would be compelled to go to jail if she did not raise $500, and said "no other chance for me unless you will send me a check for that amount." In response to that request he deposited $500 to her credit in the 20th Street Bank of Huntington, on the 3rd of March, and she drew it out. He likewise deposited $500 on the 23rd of March, $100 on the 27th of March, and $100 on the 7th of April, all to her credit in the same bank, and she used it. He let her have $40 at another time. She admits she received all the foregoing sums, and denies she received any other sum or amount. But plaintiff swears he met her in Huntington on the 16th of July, and then let her have $500 in gold, swears he drew the money out of bank and delivered it to her, and, to corroborate his testimony, proved by Mr. A. R. Losee, assistant cashier, that he deposited $800 in the bank on the 6th, and drew it

out on the 15th of July. Defendant swears she did not get it. This disputed fact was a question for jury decision, and we can not disturb their finding.

Counsel for defendant insist that the proof shows the money was given in consideration of marriage, and, being so given, it cannot be recovered on the common counts, but must be recovered, if recoverable at all, only on a special count alleging breach of promise. Both 'parties admit the engagement, and that they had agreed to marry in July, 1914. In some of his letters to defendant, plaintiff addressed her as "dear wife", and in some of her letters to him, she signs as "wife". But she admits, in her testimony, she had no intention at any time of carrying out her promise of marriage. So that, if she obtained the money as a gift, she obtained it fraudulently, and no authority need be cited to support the proposition that money fraudulently obtained may be recovered in assumpsit. Hence, whether the transaction was a loan, or a gift in consideration of marriage to be thereafter consummated, is immaterial, because, upon either theory, the present action is maintainable. If the money was a gift, it was made in consideration of marriage and was fraudulently obtained, according to defendant's own admission, and it would be unconscionable to allow her to retain it after having broken her contract to marry plaintiff.

"The action of assumpsit, under the count for money had and received, is an equitable action, and applicable to almost every case where money has been received by one, which, in justice and conscience, ought to be refunded." *Hughes et al.* v. *Frum,* 41 W. Va. 445. *Jackson* v. *Hough,* 38 W. Va. 236, and 4 Cyc. 329.

"If an intended husband make a present, after the treaty of marriage has been negotiated, to his intended wife, and the inducement for the gift is the fact of her promise to marry him, if she break off the marriage, he may recover from her the value of such present." Thornton on Gifts and Advancements, 94.

"Where the plaintiff, being under engagement to marry with the defendant, sent her money with which to buy her wedding outfit and bear her expenses to the place of mar-

riage, he may recover these sums in an action of assumpsit, if she, without cause, refuses to fulfil her engagement." *Williamson* v. *Johnson,* 62 Vt. 378.

Notwithstanding plaintiff swears the money was lent to defendant, he wrote her on one occasion, after he had advanced her $1,200, enclosing a note for that amount, for her to sign, and stated in the letter: "Not that I want you to pay it, the note, it is just simply to *bee* on the right side, if anything would happen to you before we would get married, for because what I have is yours." In view of the conflict in the evidence, and the instructions given by the court covering both theories of the case, we do not know on which theory the jury found its verdict. But, as before stated, it is not material, because plaintiff can recover in this action, whether the money was a loan or a gift in consideration of a marriage agreement which was broken by defendant without fault of plaintiff, provided the jury believed defendant received the money. The instructions fairly and properly presented to the jury the law applicable to the case.

Complaint is especially made of plaintiff's instruction No. 1, which reads: "The Court instructs the jury that the presumption of law is against gifts, and where the defendant, as in this case, claims the money received by her from the plaintiff was a gift the burden of proof rests upon her, and the jury should carefully scrutinize the evidence and before the defendant can recover the proof should be clear and convincing that the money so received by the defendant was intended for, and was a gift at the time it was received by her." This instruction was more strongly against plaintiff than the facts admitted by defendant warranted. It contains the implication, at least, that plaintiff can not recover if the money was a gift, which is not the law of this case in view of defendant's admittedly broken promise. As an abstract legal proposition the instruction is generally true, but not applicable here. It is only applicable where the proof of a gift would defeat recovery.

The judgment is affirmed.

*Affirmed.*