A. H. CAMPBELL *v.* L. E. CAMPBELL

(No. 9379)

Submitted October 13, 1942. Decided November 4, 1942.

LOVINS, JUDGE, and FOX, PRESIDENT, dissenting.

*J. Blackburn Watts* and *B. J. Pettigrew,* for plaintiff in error.

*J. Howard Hundley,* for defendant in error.

**16**

KENNA, JUDGE:

In the Court of Common Pleas of Kanawha County, A. H. Campbell proceeded by way of notice of motion for judgment against L. E. Campbell, and from a verdict and judgment for fifteen thousand, three hundred dollars, L. E. Campbell prosecutes this writ of error, the Circuit Court having declined an application. There being no assignments of error that are not predicated either upon the insufficiency of the plaintiff's proof or upon the giving or refusing of instructions, it is necessary to narrate the substance of the testimony.

A. H. Campbell, the plaintiff, is a man in his middle eighties and the father of L. E. Campbell, the defendant, who is sixty-one years of age. At the time of the occurrences that gave rise to this controversy in October, 1941, the plaintiff and his second wife were living on a side road not far from Sissonville, Kanawha County, near the residence of Adam Minter, whose wife is their daughter. They spent a great deal of their time at the Minter home. Due to producing oil or gas wells upon their property, the Campbells were comfortably well off.

The defendant, L. E. Campbell, lived with his wife on West Washington Street in the City of Charleston, and they were also comfortably well off.

In the afternoon of October the eighth, according to the testimony of the plaintiff, he and Mrs. Campbell decided to go to Charleston in search of a dwelling which they could rent, and while there to visit the home of L. E. Campbell. Mr. Campbell kept in his home in a hiding place that this record does not disclose quite a quantity of money which he frequently counted, and this he decided to take with him, not informing Mrs. Campbell that he was doing so. On the way in, they stopped at Mrs. Minter's home where Mr. Campbell had Mrs. Minter assist him in counting the one hundred, fifty, twenty and ten-dollar bills that he had in his trousers pocket. Mrs. Minter states that he had fifteen thousand, six hundred dollars.

Mr. and Mrs. Campbell spent the night at the home of L. E. Campbell, and the following morning, L. E. Camp-

bell, at the plaintiff's request, went with him to the office of a Charleston attorney where a will was drawn and executed by A. H. Campbell, the provisions of which made L. E. Campbell his sole beneficiary. According to the plaintiff, after the business was done in the attorney's office, he and L. E. Campbell sat on some empty boxes in a hallway where L. E. Campbell importuned the plaintiff to give him the sum of five thousand dollars, which the plaintiff refused, explaining that he wished to deposit at least that sum to the credit of his grandchildren, subject to withdrawal at his death. When they returned to the L. E. Campbell home, plaintiff states that L. E. Campbell informed him that he had a place in which plaintiff's money could be safely kept, and that it was therefore unnecessary for the plaintiff to risk carrying it. Thereupon they went upstairs and plaintiff counted out fifteen thousand, three hundred dollars which he turned over to the defendant to keep, receiving his assurance that he could get the money at any time he wished it. Ples Campbell, a full brother of the defendant, questioned concerning what he knew of the defendant getting his father's money in October, 1941, stated rather indefinitely that Lewis had told him that the "old man" had that amount and would probably lose it, but he, Lewis, would take care of it.

The testimony of the defendant is that his father and step-mother came to his home to visit at the time they say they did, and that after spending the night there, the next morning, not after, but before, going to town, his father turned over to him as an outright gift the sum of five thousand dollars, having told him on the previous night that he intended to execute his will the following morning, making him the sole beneficiary. After that occurrence, they went to town where L. E. Campbell took his father to the office of an attorney for the purpose of having his will drafted and executed. This was done, and they returned to the house without any unusual occurrences. Shortly after they had gotten to the home, Mrs. Minter came in and asked her mother, Mrs. A. H. Campbell, to go to town with her. This Mrs. Campbell con-

sented to do, but having left the house Mrs. Minter told her that she had been informed that A. H. Campbell had drafted and executed a will, by the terms of which L. E. Campbell received all of his property. Mrs. A. H. Campbell then promptly went back to the home in a "flare", announcing that she was going to sue for a divorce and taking a threatening attitude in general. About ten days after the will was drafted and the exchange of money took place, A. H. Campbell came to Charleston to see L. E. Campbell and to explain to him the difficulty that he had encountered due to the fact that it had become known among the members of the family that he had executed a will with the provision as drawn, and that he wished that L. E. Campbell would return to him the five thousand dollars, possession of which he had given him as a gift the previous week. This L. E. Campbell refused to do, and his father left him demonstrating quite a bit of resentment.

There are six assignments of error briefed and submitted and we think that in proper sequence assignments two and five should be first disposed of.

Assignment two raises the question as to whether the plaintiff can recover where the record discloses that he had not paid the current year of taxes upon the indebtedness sought to be enforced. We think it unnecessary to discuss this question beyond saying that this Court considered it in the case of *Newhart* v. *Pennybacker*, 120 W. Va. 774, 200 S. E. 350, 754, there holding that it is not necessary as a condition precedent for the plaintiff to show that property taxes have been paid up to date upon the claim sought to be reduced to judgment. So that, even conceding that this claim, incurred in October and sued upon in December, falls within the provisions of the statute in question (Code, 56-4-71), we do not think it constituted error in this connection to enter judgment thereon.

Assignment five is based upon the fact that the plaintiff's wife, in testifying for the plaintiff, qualified her statement that the money brought by Campbell to Charleston was his, by saying that the royalty money

belonged to them both, and that consequently the claim sued on was not the sole property of the plaintiff. Mrs. A. H. Campbell, the witness, made no formal claim to any interest in what may be termed the cause of action, and in a number of places referred quite positively to the money delivered to L. E. Campbell as the property of A. H. Campbell. We do not think that the defendant can in any way be troubled in the future by this loose allusion made by the witness.

Assignments one, three and four all relate to the question of whether or not the evidence of the plaintiff is sufficient to sustain a verdict in his favor for the sum of fifteen thousand, three hundred dollars. Beyond the almost fantastic circumstances established by the evidence to the effect that this old gentleman, eighty-five years old, had fifteen thousand, three hundred dollars in his country home near Sissonville, brought that sum of money in his trousers pocket to Charleston without revealing to his wife with whom he was traveling that he was doing so, had his will drawn, naming the son whom he is now suing as sole and exclusive beneficiary, and after its execution delivered to this son for safekeeping only in the presence of no other witness, although a number were easily available, the sum of fifteen thousand, three hundred dollars in currency, while in the immediate neighborhood of Charleston banks, constituting an extremely unusual set of circumstances, the separate questions of law are not rare. Therefore, it is quite clear under the decided cases, subject to the discussion of plaintiff's instruction number two to follow, that if the plaintiff convinced the jury by proper proof that those occurrences took place, he had a right of recovery, we feel that assignments one, three and four are not well taken.

The remaining assignment being assignment six embraces five instructions, asserting that it was error to give plaintiff's instruction number two, and also error to refuse defendant's instructions one, three, six and seven. We believe that the discussion which follows of plaintiff's instruction number two sufficiently relates to the questions involved in the refusal of the named instruc-

tions on the part of defendant to make their detailed discussion unnecessary.

Plaintiff's instruction number two, as given, reads as follows:

"The Court instructs the jury that if the defendant seeks to defend this case on the ground that the money involved was given to him as a gift by the plaintiff, then under the law the burden of proof is on the defendant to establish by a preponderance of the evidence that it was a gift to him by the plaintiff and if the jury believe from all the evidence that the defendant has not proven by a preponderance of the evidence that the plaintiff gave him the money in question as an outright gift, then you should find for the plaintiff."

It must be remembered that the amount sued for is fifteen thousand, three hundred dollars and that on the face of the record alone, that sum would be considered "the money involved", or "the money in question". It was not contended by the defendant, nor by any witness, that that sum of money had been donated to the defendant by the plaintiff, and there was no proof introduced, nor attempted, to so show. Under the evidence, there were alternative amounts that it was contended the defendant had received from the plaintiff: fifteen thousand, three hundred dollars that the plaintiff swore he had deposited with the defendant for safe-keeping, and five thousand dollars, possession of which, as a gift, defendant admitted he had received. If the jury believed that the instruction referred to the fifteen thousand, three hundred dollars as "money involved" and "the money in question", then there is no evidence offered by either the plaintiff or the defendant to show that it was a gift, and, consequently, the instruction does not apply. On the other hand, it is difficult to suppose that the jury would believe the instruction to refer to the five thousand dollars as the amount in controversy, and return a verdict for the plaintiff's claim of fifteen thousand, three hundred dollars in full. The defendant in error argues that the instruction deals only

with the burden of proof involving the question of a gift. Undoubtedly, it correctly covers that question, but we believe goes much further and tells the jury the circumstances under which it should find for the plaintiff, or in other words, is binding. That sort of an instruction, of course, should deal with all of the elements necessary to justify a recovery, and should not disregard the vital issues of fact concerning not only the right of recovery, but the amount of that recovery if allowed. Certainly, determining the amount of "money involved" should have been treated as a matter at issue, and not doing so is to ignore a very material, though perhaps secondary, contention being tried before the jury. Of course, if the theory of the defendant is treated as raising but a single issue against that of the plaintiff, so that both the purpose of the delivery and the amount of money delivered to L. E. Campbell would necessarily be decided by one of two conclusions, gift or no gift, then the instruction might be sound. But that is not the case. The question of amount is not concomitant with that of gift to be necessarily decided as one. It seems to us clear that there are two amounts, either of which under the instruction could be taken to be the "money involved" in case the jury concluded that the delivery was for safe-keeping only. Under the proof, we believe that the jury might have concluded that A. H. Campbell did deposit with L. E. Campbell the sum of five thousand dollars for safe-keeping, that being the amount L. E. Campbell admitted he had received. However, the instruction can be read as ignoring completely the contention of the defendant to the effect that he had received only five thousand dollars. If the jury believed the testimony of the defendant as to the amount and that of the plaintiff as to purpose, a recovery of fifteen thousand, three hundred dollars would not follow. In that case the verdict would have been for only five thousand dollars. It was the duty of the jury to fix the amount of money in question. It should have been so instructed. We believe that the instruction, if not clearly wrong, is at least drafted in a double aspect, and for that reason is quite confusing. We do not believe that the objection dealing mainly with the

burden of proof to establish a gift could in any way have the effect of clarifying in the minds of a jury what we regard as being a confusing statement in the instruction itself. While the objection of the defendant to the giving of the instruction under consideration mentions only the burden of proof, we are of the opinion that it was related closely enough to the inseparable question as to what constituted the "money in question" to reach the defect that we have attempted to deal with. See *Saunders* v. *McCown,* 120 W. Va. 294, 297, 198 S. E. 520.

For the foregoing reasons, the judgments of the Circuit and Court of Common Pleas of Kanawha County are reversed and the case remanded to the Court of Common Pleas.

*Reversed and remanded.*

LOVINS, JUDGE, dissenting:

I disagree with the conclusions reached by the majority. I do not believe it can be gainsaid that the evidence on behalf of the plaintiff is sufficient to sustain the verdict of the jury. The reversal of the judgment was predicated upon the giving of plaintiff's instruction No. 2, requested by the defendant in error. It clearly appears that such instruction was addressed to the issue of whether the money was delivered to L. E. Campbell as a bailment or as a gift, and counsel for the defendant below so regarded it, as appears from the objection thereto made by them. The instruction is an understatement of the law with reference to the burden imposed upon the plaintiff in error. This Court in *Harner* v. *Harner,* 115 W. Va. 457, 177 S. E. 286, laid down the rule that:

> "The burden is on a son who claims the bulk of the personal estate of his father as a gift *inter vivos,* to establish the gift by clear, unequivocal and convincing proof."

An instruction similar to the one here, which was not binding although it embodied the same principle, was approved in the case of *Burke* v. *Nutter,* 79 W. Va. 743, 91 S. E. 812. Reference in instruction No. 2 to "the money

involved" and "the money in question" does not, in my opinion, call for its rejection as error. Those terms, in my opinion, refer to the money which actually passed from A. H. Campbell to L. E. Campbell, whatever the amount may have been. It was admitted by the plaintiff in error that he received $5,000.00 from his father, and the jury under the instruction as given could have found for the plaintiff in that amount. The defendant in error had the burden of establishing the amount given by him to his son. That this burden was recognized by counsel for the father appears from the objection made to the giving of instruction No. 3, offered by the defendant, wherein counsel for defendant in error says, "Counsel for plaintiff objects to defendant's instruction No. 3 * * *. In this case the burden of proof is on the plaintiff to establish the amount of the money and the burden of proof is on the defendant to establish that there was a gift." The defendant in error sustained the burden establishing the amount given by him to his son, who, in turn, had the burden of showing by clear and convincing proof that the money delivered to him was a gift. The son did not clearly and convincingly prove to the satisfaction of the jury that it was a gift. The respective objections made by counsel, mentioned herein, clearly show that the case was tried on the correct theory as to the respective burdens of proof imposed by law on the litigants. Had the plaintiff in error so desired, he could have requested an instruction defining the burden of proof resting on the defendant in error as to the amount he claimed. It was not the duty of the trial court to give such instruction of its own motion. *State* v. *Alie,* 82 W. Va. 601, 96 S. E. 1011.

In my opinion there is no error and instruction No. 2, offered on behalf of the plaintiff, states a correct principle of law. This record presents a jury question which was fairly tried and submitted to the jury under proper instructions. In my opinion, the verdict of the jury and the judgment of the court should not be disturbed and I would therefore affirm the judgment.

I am authorized to say that Judge Fox joins me in this dissent.