THE STATE *ex rel.* ARMSTRONG, *Collector*, v. RAU, *Appellant.*

1. **Practice**: PLEADING: SUIT FOR BACK TAXES. In a suit to collect back taxes, it is the petition, and not the tax bill, which must set out the cause of action, and a motion to dismiss the suit should not be sustained because of alleged defects in the tax bill. Defects in the tax bill would only be good reason for rejecting it as evidence.

2. ———— : ———— : ———— : TAX BILL : EVIDENCE. The description of the property in the tax bill, as lot 43, block 7, old town of Pacific, Franklin county, and the tax as "school tax" for 1879, sufficiently indicates the fund to which the tax belongs, which is all that the tax bill is required to show. The tax bill is not defective for failure to state the number of the school district, township, and range, and is not inadmissible in evidence for that reason.

3. **Suit for Back Taxes**: PETITION. The petition in a suit for back taxes need not set out all the steps required to be taken in order to make a valid tax, but it must be regarded as including them in the averments required to be made.

4. **Practice**: ANSWER: REPLY. By the practice act, a reply is required only when there is, in the answer, a statement of new matter constituting a defence or counter-claim.

5. ———— : ———— : ———— : NEW MATTER. Any fact which avoids the action, and which the plaintiff was not bound to prove, in the first instance, in support of it, is new matter. But a fact which merely negatives the averments of the petition is not new matter, and need not be replied to.

6. **Suit for Back Taxes**: PRACTICE : PRIMA-FACIE CASE. The statute makes the tax bill *prima-facie* evidence that the taxes claimed are just and correct, and in a suit for back taxes, where the answer is a general denial, and the defendant offers no evidence, he fails to overcome the case made out by the tax bill.

*Appeal from Franklin Circuit Court.* — HON. A. J. SEAY, Judge.

AFFIRMED.

*John R. Martin* for appellant.

(1) In this case appellant filed an answer to respondent's amended petition, to which answer respondent declined to reply. Upon the pleadings, then, the judgment should have been for appellant instead of respondent, if appellant's answer stated facts sufficient to constitute a defence. R. S., sec. 3525. (2) By the constitution of the state, the annual rate of taxation for school purposes in districts is limited to forty cents on the one hundred-dollar valuation ; provided, that, in districts like this, such annual rate may be increased to an amount not to exceed sixty-five cents on the one hundred-dollar valuation, on the condition that a majority of the voters, who are taxpayers, voting at an election held to decide the question, vote for such increase. Const. of Mo., art. 10, sec. 12. In the case at bar the answer sets up that the levy was one hundred and thirty cents on the one hundred-dollar valuation; that no election was held upon the question of an increase of rate ; that, at the annual meeting of the district, a motion was made to increase the rate to sixty-five cents, and that a majority of the voters who were taxpayers voted against the increase. The levy was clearly in conflict with the constitutional provision quoted above and absolutely void. (3) The constitutional restrictions as to rates shall apply to taxes of every kind and description, except taxes to pay valid indebtedness now existing, or

bonds which may be issued in renewal of such indebtedness. Const. of Mo., art. 10, sec. 12. In the case at bar the answer sets up that the district, in the year 1879, and prior thereto, had no bonded indebtedness, or any outstanding indebtedness of any nature whatsoever. And the levy of one hundred and thirty cents on the one hundred dollars cannot be sustained by virtue of this exception to the general constitutional provision. (4) The averments of appellant's answer which respondent deemed so unworthy of notice as to decline to reply to them, became, by such refusal, solemn and deliberate admissions of respondent, and entitled appellant, not only to a reversal of the judgment of the circuit court, but to final judgment in his favor here.

*D. Q. Gale* for respondent.

BLACK, J.—This is a suit to collect back taxes for the school-fund tax in favor of district number 3, township number 43, range number 2, for the year 1879. The action is based upon section 6837 of the Revised Statutes of 1879, which provides: "All lands owned by the same person, or persons, may be included in one petition, and in one count thereof, for the taxes for all such years, as taxes may be due thereon, and said petition shall show the different years for which taxes are due, as well as the several kinds of taxes or funds to which they are due, with the respective amounts due to each fund; all of which shall be set forth in a tax bill of said back taxes, duly authenticated by the certificate of the collector, and filed with the petition; and said tax bill or bills, so certified, shall be *prima-facie* evidence that the amount claimed in said suit is just and correct."

1. It is not the tax bill, but the petition, which must set out the cause of action, and there was no error in overruling the motion to dismiss the suit because of

alleged defects in the tax bill. Had it been defective, that would constitute no ground for dismissing the suit, but would be a good reason for rejecting it as evidence.

2. The tax bill was received as evidence over the objection of the defendant, and of this ruling error is assigned. The objection is that it does not state the number of the school district, township, and range. These school districts are but local subdivisions of the county for school purposes. The tax is extended upon the basis of the assessment for state and county purposes, and the same land can be in but one district. The property is described in the tax bill as lot forty-three, block seven, old town of Pacific, Franklin county, and the tax as " school tax " for 1879. This designates the kind of tax, or fund, to which it belongs, and that is all the tax bill is required to show.

3. The record shows that the plaintiff refused to file a reply to the defendant's answer. The defendant put in no evidence, but asked the court to instruct that the facts stated in the answer stood admitted, which the court refused to do, and judgment was entered for plaintiff on the *prima-facie* case made by the tax bill. The answer is a general denial, and, in substance, states that the taxes sued for were levied to raise money to pay teachers, incidental expenses, and past indebtedness of the district, giving the amounts for these several purposes, as made out by the school board, and certified to by the county clerk. It is then stated that the district had no past indebtedness ; that no election was held in the district to increase the rate of taxation from forty cents on the one hundred dollars valuation ; that defendant's property was assessed at six hundred dollars, and that the amount sued for is $7.80. If these facts are true, the judgment is clearly excessive ; and the question is, do they stand admitted ?

The petition, under the statute before quoted, need

not set out all the steps required to be taken in order to make a valid tax, but it must be regarded as including them in the averments required to be made. By the practice act, a reply is required only when there is, in the answer, a statement of new matter, constituting a defence, or counter-claim. As to what constitutes such new matter, it was said in *State to use v. Williams*, 48 Mo. 212, "the general rule on this subject is, that any fact which avoids the action, and which the plaintiff was not bound to prove, in the first instance, in support of it, is new matter. But a fact which merely negatives the averments of the petition is not new matter, and need not be replied to." If the facts stated in the answer show a non-liability, though the facts stated in the petition are true, then they are new matter, and call for a reply. But if the facts stated in the answer simply show that the facts stated in the petition are not true, then they are not new matter, and do not require a reply, though they are stated in an affirmative form.

Now, in this case, all of the facts stated in the answer could have been put in evidence under the general denial. They are but a detailed statement of the evidence, which show, and only show, that the matters stated in the petition, or, in contemplation of law, are included in these averments, are not true. Had the defendant alleged that the tax was extended without any assessment therefor, the plaintiff would not have been required to reply, for, in effect, the petition alleges that a legal assessment was made, and the answer would be no more than a denial of that allegation. It is true the statute makes the tax bill *prima-facie* evidence that the taxes claimed are just and correct, but that only relates to the evidence, and has nothing to do with the question of pleading.

As the defendant offered no evidence, he did not overcome the *prima-facie* case of the plaintiff. The judgment is affirmed. All concur.