VALENTINE BLATZ, Appellant, v. FRANK LESTER, Respondent.

Kansas City Court of Appeals, May 15, 1893.

1. **Evidence**: SALE: GIFT. Action was for the purchase price of certain chattels; the answer was a general denial. Evidence that the chattels were a gift was properly admitted as proof of a gift disproved the allegation of sale.

2. **Inducement**: GIFTS: DONEE'S CONDUCT: LEGAL EXPLANATION. If the gift is complete the fact that the donee fails in what the donor hoped and expected to induce him to do by the gift, cannot alter the gift. This case did not require the court to explain the legal nature of a gift.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*F. V. Kander* and *J. W. Gillespie*, for appellant.

(1) The court should have sustained the objection of plaintiff to the introduction of any evidence of a gift by plaintiff to defendant of the fixtures, for the reason that defendant had answered only by general denial and this being an affirmative defense and a plea of new matter should have been specially pleaded and could not be shown under a general denial. *Muelrath v. Roemheld*, 3 Mo. App. 563; *Kersey v. Gorton*, 77 Mo. 645; *Northrup v. Ins. Co.*, 47 Mo. 435; Bliss on Code Pleading, sec. 352; *Hudson v. Railroad*, 101 Mo. 13; *Nelson v. Wallace*, 48 Mo. App. 193; Revised Statutes, 1889, sec. 2049.

*Jones & Jones*, for respondent.

We denied the sale of the fixtures by general denial. Incidentally to prove that Lester never bought them, we showed the gift, corroborative merely of the general denial.

ELLISON, J.—This is an action on an account for the purchase price of certain chattels alleged to have been sold and delivered to defendant. Defendant's answer was a general denial. At the trial he was permitted, over plaintiff's objection, to give evidence showing that the chattels were a gift from plaintiff to him. This ruling was right. The answer need only set up new matter; and an allegation of the gift of chattels which are charged in the petition to have been sold is not new matter. Proof of a gift is one mode, and a legitimate mode, of disproving the allegation of a sale. It does not confess a sale and avoid it by some supervening fact, but its effect is to deny the sale. Such proof supports a general denial. Judge BLACK says in

*State ex rel. v. Rau*, 93 Mo. 130, that, if the facts stated in the answer show a non-liability, though the facts stated in the petition are true, then they are new matter. But if the facts stated in the answer simply show that the facts stated in the petition are not true, then they are not new matter, though stated in an affirmative form, and need not have been specially set out; as a general denial would have sufficed to let them in evidence.

In this case, if the defendant had set out in his answer that the chattels were a gift to him he would have been simply stating facts in detail which showed the allegations of the petition were not true. He could do the same thing as well, if not better, by a simple denial.

The court's instructions were proper and were based upon sufficient evidence to authorize them. The first is elementary law. The second was justified by all the evidence in the cause on the subject of the instruction. The same can be said of other instructions which are attacked as not having evidence to sustain them. The fourth instruction states in substance that if the fixtures were given to defendant as an inducement for him to purchase beer of plaintiff, then the gift was good though in fact defendant afterwards failed to so purchase his beer. This was correct. If the gift was complete, the fact that defendant failed in what plaintiff hoped and expected of him, could not alter the gift.

There was no such case presented by the evidence here as required the court to explain to the jury the legal nature or definition of a gift. After a consideration of all the points made by appellant, we have concluded that no error has been committed materially affecting the merits of the cause (Revised Statutes, 1889, sec. 2303), and we therefore affirm the judgment. All concur.