Minshall, C. J.
 

 The action below was broug-ht by the Akron Brick Association, claiming- to be a partnership doing- business under that name in the city of Akron, against Jackson and Lyman as defendants. The object of the suit was to recover on a contract, by which, as averred, Jackson and Lyman, agreed to pay the association for brick it was then furnishing- to Barnett & O’Near, subcontractors of the defendants. The defendants denied any liability upon the contract; and also denied that the plaintiff was a partnership doing-business under the name of the Akron Brick Association. They also, as a separate and specific defense, averred “that said Akron Brick Association, so called, is not in fact a lawful partnership, but that said alleged partnership is a combination of all, or nearly all, of the several brick manufacturers and dealers in and about the city of Akron, in which place, and in order to accomplish its purposes, said association has established and now maintains a central office or agency through which
 
 *304
 
 all purchases of brick must be made, and through which all sales of brick are made; that the object and purpose of forming and maintaining said association, and of said agency, was and is to control and enhance the price of brick, and in order to prevent and do away with a fair open competition among the several companies, firms and individuals entering into and comprising said association; that the said union or association is in restraint of trade and contrary to sound public policy.”
 

 By a reply the averments of the answer were denied, and, in compliance with interrogations annexed to the answer, the plaintiff added a copy of the articles under which the association was formed and does business. From the view we take of the ease, it is unnecessary to consider any of the errors assigned, other than the one that relates to the right of the plaintiff to sue by the assumed name of the Akron Brick Association. The articles of association in connection with the evidence support the averments of the defense. On the trial of the case the court in its charge to the jury dispensed with any consideration of the question by the jury, saying-: “In our jurisprudence it is no defense to say that the contract was made with a bad man, or with persons engaged in prosecuting acts contrary to law, or the policy of the state, unless the contract grows immediately out of and in connection with an illegal or immoral act. A clear distinction exists in law, as well as ethics, between a contract entered into to do an unlawful or immoral act, or to promote a course of conduct contrary to the policy of the state, and a contract entered into for a legitimate purpose, though made with persons who commit unlawful and immoral acts or promote schemes contrary to good policy. ’ ’
 

 
 *305
 
 We see no error in the court deciding the matter, nor in the law as stated by the learned judge; the error consists, as we think, in the application of it. The objection relates to the right of the persons composing the Akron Brick Association to sue by that name, instead of the names of those composing the association. If they have that right, it is derived from the provision of section 5011, Rev. Stat., which reads as follows: “A partnership formed for the purpose- of carrying on a trade or business in this state, or holding property therein, may sue or be sued by the usual or ordinary name which it has assumed, or by which it is known ; and in such case it shall not be necessary to allege or prove the names of the individual members thereof.” A partnership is an association with certain incidents recognized by law for the convenient transaction of legitimate trade and business; it cannot, therefore, be formed for an illegal purpose, or one contrary to public policy. Metcalf on Contracts, 116; 1 Bindley on Partnership, 91;
 
 Sampson
 
 v. Shaw, 101 Mass., 145. It therefore follows that if the Akron Brick Association was organized for a purpose contrary to public policy it has no right under the statute to sue by the name assumed in its business — it is not a partnership within the meaning of the statute. This does not deny to the persons comprising the association the right, in their individual names, to maintain an action for the price of brick sold and delivered to a third person, or the enforcement of any contract that in no way depends upon the illegal arrangement as between themselves. The law stated by the court in its charge properly applies to such a case, but does not to the question made here; which goes simply to the right of the persons comprising the association to sue in the name assumed
 
 *306
 
 by them, under the provisions of the section above quoted. It is a right derived from the making of a lawful contract of partnership, and can only be exercised where a lawful contract of partnership has been made and entered into.
 

 The evidence in the case tended to, if it did not conclusively, show that the association was formed for the simple purpose of controlling the price of brick in the interest of the members. Such combinations are against public policy, as has been frequently held in this state.
 
 Salt Co.
 
 v.
 
 Guthrie,
 
 35 Ohio St., 666;
 
 Emery
 
 v.
 
 Ohio Candle Co.,
 
 47 Id., 320;
 
 State
 
 v.
 
 Standard Oil Co.,
 
 49 Id., 137, 185. ■The. court refused to say to the jury that if they found such to have been the object of the association, a recovery could not be had in favor of the association by its assumed partnership name, and charged the jury as before stated. This, we think, is error, for which the judgment should be reversed.
 

 Our Code does not provide for a plea in abatement. An association of persons suing under section 5011, Rev. Stat., must bring themselves within its provisions by averment; if they do not, the omission is a proper ground of demurrer.
 
 Ilaskins
 
 v.
 
 Alcott,
 
 13 Ohio St., 210. So that when the objection does not appear on the face of the petition, it must be made by answer if the defendant would rely on it. That was done in this case. The plaintiff, then had an opportunity to dismiss its suit and bring it in the names of the proper parties, if it desired to do so. Instead of doing so it took issue upon the answer, so that it became a question of fact to be determined by the jury under proper directions from the court.
 

 Judgment reversed, and cause remanded for further proceedings.