HARRY GROSSMAN *v.* GARRISON S. GREENSTEIN.

[No. 10, April Term, 1931.]

*Decided June 9th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Joseph Loeffler,* with whom were *David Friedman* and *Joseph Leiter* on the brief, for the appellant.

*Israel S. Gomborov,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appeal is from the overruling of a demurrer to a bill of complaint seeking to compel return or reassignment of an alleged deposit of money made subject to the joint order of the complainant's daughter and a young man to whom she was engaged to be married. The young man, it is averred, had broken the engagement and declined to proceed with the marriage. The bill avers that, "because of said promise by the said defendant, Harry Grossman, to marry Sara Greenstein, daughter of your orator, and in contemplation of said

marriage," the complainant's father withdrew $1,000 which he had held in a savings account of his own, and deposited it in the Baltimore Trust Company, to the account of "Sara Greenstein in trust for herself and Harry Grossman, joint owners, subject to their joint order, balance at death of either to belong to the survivor." And it is averred that subsequently Grossman broke the engagement, announced that he did not intend to marry Sara Greenstein, and ceased to keep company with her. The daughter consented to the cancellation of the deposit and return of the money, but Grossman refused, although, as the bill avers, he was well aware that the moving cause, and only moving cause, of the deposit was the contemplated marriage. This court concurs in holding that the averments are sufficient to support the prayers, and that the demurrer must be overruled.

For support of the demurrer, dependence has been placed in argument upon the facts that gifts in this form are effective, and that there is in this instance no express reservation of a power of revocation. But, granting those facts, the gift may yet fail because it has expressly or by implication been made upon a condition, or limited to a purpose, which has failed. A donor may limit a gift to a particular purpose, and render it so conditioned and dependent upon an expected state of facts that, failing that state of facts, the gift should fail with it. A familiar illustration is a gift *mortis causa*. On the other hand, the donor may, in any situation, make an absolute gift, not dependent upon the fulfillment of expectations. Even to a party to a contract of marriage, in whom the donor is interested only because of the expectation of marriage, the donor may, if he wishes, make an absolute gift which would be unaffected by a failure to marry. Whether in a given instance his gift is of one kind or the other, conditional and dependent or absolute, is an ordinary question of intention, to be determined by any express declaration in the making of the gift, or from the circumstances. In this case there are explicit averments of a purpose and intention to make the gift only by reason of the marriage, and in contemplation of it. And in our opinion these constitute suffi-

cient averments of a purpose to limit the gift and make it conditional and dependent upon the completion of the marriage. This is the construction put upon similar averments in cases elsewhere in which the question has arisen. *Jeffrey v. Luck,* 155 L. T. 139; *Seiler v. Funk,* 32 Ontario L. R. 99; *Banning, Marriage Settlements,* 233; *Vaizey, Settlements,* 87; *Mitford v. Reynolds,* 16 Sim. 130, 156; *Thomas v. Brennan,* 15 L. J. Ch. 420; *Bond v. Walford,* 32 Ch. D. 238; *Thornton, Gifts and Advancements,* sec. 98; *Jacobs v. Davis* (1917), 2 K. B. 532; *Robinson v. Cumming,* 2 Atk. 499; *Essery v. Cowland,* 26 Ch. D. 191; *Williamson v. Johnson,* 62 Vt. 378, 20 A. 279; *Burke v. Nutter,* 79 W. Va. 743, 91 S. E. 812; *Humble v. Gay,* 168 Cal. 516, 520, 143 P. 778. And see *Blatz v. Lester,* 54 Mo. App. 283; *McDonnell v. Heselrige,* 16 Beav. 346; *Cohen v. Seller* (1926), 1 K. B. 536; 70 *Sol. J.* 517. And the construction is fortified in this instance by the further allegation in the bill that the gift was made by its terms for the benefit of the daughter and the young man jointly, and subject to their joint order while both should live. Such an arrangement would ordinarily be so little consistent with a gift to a daughter and a man not joined in matrimony that it would of itself seem to afford some indication that the gift was contemplated as dependent and conditioned upon their marriage.

A question of the propriety of resorting to a court of equity for a remedy to the donor has been raised. But, according to the theory of the bill, the money is still in the hands of the depository, not withdrawn by the beneficiaries named, and active reversal of the transfer made on the bank's books is the relief required, and for that relief equity would be the proper jurisdiction. *Foschia v. Foschia,* 158 Md. 69, 148 A. 121; *Sturgis v. Citizens' Nat. Bank,* 152 Md. 654, 137 A. 378. In this case the bank has not been made a party, but the relief prayed could be granted without infringing upon rights, if any, which may have accrued to the bank. The bill prays only a reassignment of the fund on deposit, and this, we think, should be granted upon establishment of the truth of the averments.

*Order affirmed, with costs to the appellee.*