[Civ. No. 5393.   Third Appellate District.—August 7, 1935.]

In the Matter of the Estate of EDWARD MULLEN, Deceased. WALTER P. WIBLE, Appellant, v. CHARLES JOHNSON, Respondent.

A. L. Wessels for Appellant.

Thomas & Thomas and Norman Johnson for Respondent.

ROSS, J., *pro tem.*—On September 28, 1932, Edward Mullen, the decedent, signed a will drawn by an attorney of his own choice, with the attorney and the cashier of the bank with which he did business as subscribing witnesses, by which respondent, a neighborhood friend, was sole beneficiary. The decedent was 76 years of age and had no known relatives. He died November 18, 1932, and, after proper proceedings, this will was admitted to probate on December 9, 1932. On December 18, 1932, appellant, another neighborhood friend of decedent, filed a will dated November 7, 1932, asking that it be admitted to probate, and that the admission of the will of September 28, 1932, be revoked. By the purported later will appellant was sole beneficiary. This will was admittedly written with pen and ink by appellant's wife, and at his home. Two neighbors of appellant and decedent were subscribing witnesses. Respondent contested this will on grounds of lack of execution, undue influence, and lack of testamentary capacity of decedent on the date of its purported execution. After trial before the court without a jury judgment was given in favor of contestant, and the will was refused admission to probate on the grounds of undue influence on the part of appellant and unsoundness of mind of the decedent on November 7, 1932. From this judgment this appeal is taken.

Appellant's grounds of appeal are stated substantially as follows: "May the court disregard the positive, uncontradicted and unimpeached testimony of the subscribing witnesses, the other witnesses present when the will was executed, and other witnesses who testified to facts showing that deceased was mentally competent, and that he made the will freely and voluntarily and without any undue influence?"

An examination of the voluminous transcript, however, shows that the testimony referred to, although positive, perhaps, is certainly not entirely uncontradicted and unimpeached. Appellant and his wife testified positively that the

will was written on the same day, and with the same pen. Milton Carlson, handwriting expert, contradicted this, which could be considered very material impeachment of all the testimony of appellant and his wife.

The subscribing witnesses both testified that deceased was of sound mind when they executed the will. However, a man who delivered bread at decedent's home a few hours later, testified that the latter's mind seemed blank when he called. He said decedent had apparently been losing control of his mental processes for several days previous. Four days later decedent was taken to a hospital, his mind practically blank, and the physician said that this condition must have been coming on gradually; that "it would take at least a week to develop such mental confusion". The subscribing witnesses were present for just a few minutes at the time of the execution of the will, and their testimony on the issue of undue influence is of small effect. ▆▆ The testimony of appellant and his wife, besides being impeached as above shown, must also be weighed against the presumption of undue influence, which arises from proof of the existence of a confidential relation between a testator and a beneficiary, coupled with activity of latter in the preparation of a will. (*Estate of Baird,* 176 Cal. 381 [168 Pac. 561]; *Estate of Nutt,* 181 Cal. 522 [185 Pac. 393].) In the instant case decedent requested appellant to prepare a will, and the latter had his own wife pen it at his direction.

The evidence is sufficient to justify the trial court's findings on both the issue of unsoundness of mind and that of undue influence.

▆▆ Appellant complains of the "immateriality of the evidence as to the execution of the will of September 28, 1932, and the circumstances". No objection was ever registered in the trial court. However, the evidence was material and relevant.

A previously executed testamentary writing, conflicting with the propounded instrument, executed voluntarily and while decedent had recognized mental capacity, is an evidentiary fact from which undue influence or unsoundness of mind at the time of the later writing might be inferred, there being no explanatory facts. (*Estate of Arnold,* 147 Cal. 583

[82 Pac. 252]; *Estate of Everts,* 163 Cal. 449 [125 Pac. 1058].)

The various statements of the law as to undue influence and testamentary incapacity made by appellant in his brief are correct. There is nothing to show that the trial court was not governed by these principles of law in making its findings. In fact, under these principles, the trial court was amply justified in finding as it did.

The judgment is affirmed. The purported appeals from the order denying the motion for a new trial, and from the order denying the motion to vacate and set aside the findings are dismissed.

Thompson, J., and Plummer, Acting P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 3, 1935.