OPINION. TTtt.t., Judge: The first issue is whether the entire income of the slot machine business is taxable to petitioner or whether there was a partnership between him and his wife which must be recognized for tax purposes. The gift of an undivided one-half interest in petitioner’s business to his wife was made solely for the purpose of enabling them to form a partnership. The testimony for petitioner indicated that the reason a partnership was deemed desirable was (1) that there would be less likelihood of insubordination of employees.if they knew Mrs. Ellery to be a partner and (2) she could deal with outsiders with more freedom if she were a partner rather than merely a manager, in that no one would contradict her right to conduct the business. The declaration of gift and articles of partnership were executed simultaneously. The declaration of gift, executed on June Í0, 1939, recites the conveyance of the interest in the business to be effective as of the close of business, Saturday, June 10,1939. The articles of partnership made and concluded June 10,1939, state that the declaration of gift was made June 10,1939, to be effective as at the close of business that day. Reading the two documents together, it appears that the gift was made on the condition or limited to the purpose of forming a partnership. “A donor may limit a gift to a particular purpose, and render it so conditioned and dependent upon an expected state of facts that, failing that state of facts, the gift should fail with it. * * * Whether in a given instance his gift is of one kind or the other, conditional and dependent or absolute, is an ordinary question of intention, to be determined by any express declaration in the making of the gift, or from the circumstances.” Grossman v. Greenstein, 161 Md. 71; 155 Atl. 190. The articles of partnership were executed in Ohio, which was also the domicile of petitioner and Mrs. Ellery and the situs of the business. In Ohio a partnership can not be formed for an illegal purpose. “A partnership is an association, with certain incidents recognized by law, for the convenient transaction of legitimate trade and business. It cannot therefore be formed for an illegal purpose or one contrary to public policy.” Jackson v. Akron Brick Association, 530 Ohio St. 303; 41 N. E. 257; Farless v. Morehead, 201 Fed. 310. Petitioner’s slot machine gambling business was illegal in Ohio. State v. City of Youngstown, 680 Ohio App. 254; 40 N. E. (2d) 477. Section 13066 of the Ohio Code provides : Exhibiting gambling device for gain. — Whoever keeps or exhibits for gain or to win or gain money or other property, a gambling table, or faro or keno bank, or a gambling device or machine, or keeps or exhibits a billiard table for the purpose of gambling or allows it to be so used, shall be fined not less than fifty dollars nor more than five hundred dollars and imprisoned not less than ten days nor more than ninety days, and shall give security in the sum of five hundred dollars for his good behavior for one year. Since the gift was conditioned on the formation of the partnership and the partnership could not be formed in Ohio because of its illegal purpose, the gift failed at the outset. The gift failed “because it (was) expressly or by implication * * * made upon a condition or limited to a purpose, which has failed.” Grossman v. Greenstein, supra. We have not found it necessary to place this decision squarely on the ground urged by respondent that a partnership void by state law because of illegality should not be recognized for tax purposes any more than it is otherwise recognized by the courts. But in Commissioner v. Tenney, 120 Fed. (2d) 421, the First Circuit Court of Appeals held that where an agreement for a partnership between husband and wife providing for the sharing of profits from stock market operations carried on with wife’s capital and husband’s advice was unenforceable under Massachusetts law, the entire capital gain realized from the stock market operations was taxable to the wife, even though she had paid her husband his share of profits. Speaking for a unanimous court, Magruder, C. J., said, “But assuming in the taxpayer’s favor that she and her husband intended to form a partnership, the insurmountable difficulty remains that in Massachusetts a married woman is incapable of making a contract with her husband, and this includes a contract of partnership. * * * Legally, the whole gain accrued to the taxpayer, and any claim which Mr. Tenney might have to share in the profits necessarily rests upon the unenforceable agreement between himself and his wife. The whole of the gain is taxable to Mrs. Tenney.” This is not to deny that there are instances where there is no other feasible solution than to recognize as a partnership for tax purposes that which would otherwise not be so recognized, whether it be because of illegality of the business or incompetence of a party. Thus where a man and woman each contribute capital and form a valid partnership and thereafter the man and woman marry, the fact that a husband and wife may not be partners by the applicable state law can not be conclusive for tax purposes. L. F. Sunlin, 6 B. T. A. 1232. Again if X and Y contribute equal amounts of capital and purport to form a partnership to run an illegal business, there is no reasonable solution but to recognize the partnership for tax purposes, even though such a partnership would not be recognized for other purposes. In Christian H. Droge, 35 B. T. A. 829, relied on by petitioner, a husband and wife who had been bona fide partners in their hardware business each purchased two tickets in the Irish Hospitals’ Sweepstakes, with the understanding that the winnings would be shared equally. The husband held the winning ticket. The Board held, as to the petitioner’s first contention, that he and his wife were not joint owners of the winning ticket and its proceeds for the reason, among others, that the agreement to share waswoid by the law of their state, it being “fundamental that a partnership entered into for the purpose of engaging in gaming transactions or for the prosecution of an unlawful business is illegal.” (P. 832.) The petitioner succeeded on his second ground, however, the Board relying on Mitchell M. Frey, Jr., et al., Executors, 1 B. T. A. 338. As this Court has explained : “In the Droge case the reasoning employed by the Board in permitting petitioner to deduct that portion of the winnings which he paid to his wife was that petitioner’s arrangement with his wife was itself a gambling transaction. It was the result of the pooling of their respective tickets. The Board held that petitioner was entitled to set off against his gambling gains the loss sustained in the gambling transaction with his wife.” Harry J. Riebe, 41 B. T. A. 935, 938, 939. The case therefore is not applicable here. Respondent has disallowed a deduction of $500 claimed by petitioner as an ordinary and necessary business expense which he paid to help defray the cost of a banquet held at a convention of Eagles. In Commissioner v. Heininger, 320 U. S. 467, 474, the Supreme Court said: “The language of §23 (a) c»ntains no express reference to the lawful or unlawful character' of the business expenses which are declared to be deductible. And the brief of the Government in the instant case expressly disclaims any contention that the purpose of tax laws is to penalize illegal business by taxing gross instead of net income.” This case casts doubt on the validity of Israel Silberman, 44 B. T. A. 600, disallowing the deduction of expenses of an illegal business. But, we find no evidence in the record to indicate that $500 or any other sum was so expended. Nor is there any showing how such expenditures, if made, would have increased the petitioner’s business. Although there was evidence that increased membership, hence increased use of slot machines, would result from the convention, it was not shown that the presence of petitioner and his agents at the convention would increase that membership nor that the convention would not have been held without petitioner’s contribution. The $50 loan petitioner made to W. I. Thomas in 1938 should have been allowed as a worthless debt deduction in 1938 when Thomas died leaving no estate. There was no error in disallowing deductions for salary to Mrs. Ellery in excess of $8,000 for 1940, and $2,666.67 for 1941, since greater amounts would not have been reasonable. Decision will be entered under Bule SO.