**Ruth A. McLAIN, Appellant,**

v.

**Dean GILLIAM, Appellee.**

No. 3975.

Court of Civil Appeals of Texas.

Eastland.

March 19, 1965.

Rehearing Denied April 16, 1965.

Herbert C. Martin, Amarillo, for appellant.

Jones & Rittenberry, Amarillo, for appellee.

GRISSOM, Chief Justice.

Ruth A. McLain and Dean Gilliam were engaged to be married. During said engagement, in contemplation of marriage, McLain delivered to Gilliam $4200.00 of her money which Gilliam paid on his debts. Thereafter Gilliam broke the engagement and McLain sued to recover her money. The jury found that said money did not belong to McLain; that McLain delivered the $4200.00 to Gilliam as a gift and that McLain intended to make a gift to Gilliam of the $4200.00 "after their engagement had terminated." Judgment was rendered that plaintiff take nothing. She has appealed.

■ Appellant's first point is that the jury having found that she made a gift of the money to Gilliam, and the uncontroverted evidence showing that such funds were delivered by her to Gilliam after they were engaged, in contemplation of marriage, and that Gilliam paid his debts with it and thereafter broke the engagement, that she is entitled to recover her money as a matter of law. We sustain said point.

■ It was undisputed that during the time that said parties were engaged, in contemplation of marriage, Ruth McLain delivered to Gilliam her $4200.00 and that he paid his debts with it. The applicable rule is stated in 38 C.J.S. Gifts § 61 at page 849 as follows:

"A gift to a person to whom the donor is engaged to be married, made in contemplation of marriage, although absolute in form, is conditional; and on breach of the marriage engagement by the donee the property may be recovered by the donor." ·

That rule was recognized in the Texas case of Shaw v. Christie, Tex.Civ.App., 160 S. W.2d 989, 991. In 92 A.L.R. at page 605 the statement is made that "Upon the theory that gifts made in contemplation of marriage are made upon an implied condition that they are to be returned if the donee breaks the engagement, the following

cases support the proposition that where the engagement is broken by the donee recovery of such gifts or their value may be had." There follows a citation of decisions approving said rule in Illinois, Kentucky, Maryland, Missouri, New Jersey, New York, Pennsylvania, Vermont, West Virginia, England and Canada. In 92 A.L.R. at page 608, Grossman v. Greenstein, 161 Md. 71, 155 A. 190, is cited. It was there held that the father of a girl who deposited money in the joint account of his daughter and her fiance, in contemplation of their marriage, was entitled to recover the funds on deposit upon breach by the fiance of the agreement to marry. In Burke v. Nutter, 79 W.Va. 743, 91 S.E. 812 it was held that money advanced by the plaintiff to the defendant, to whom he was then engaged to be married, and in expectation of marriage, "whether understood and intended as a loan or a gift", was recoverable if the defendant thereafter broke the engagement without plaintiff's fault. In Williamson v. Johnson, 62 Vt. 378, 20 A. 279, 9 L.R.A. 277, 22 Am.St.Rep. 117 it was held that a gift by a man to a woman, in expectation of marriage, of money to enable her to purchase her marriage wardrobe and to defray her expenses in going to his home to be married, was conditional, and entitled him to recover the money back upon her failure to fulfil the engagement, although he attached no conditions to the gift and had no expectation that the money would ever be refunded. Other cases to the same effect are also cited there. In Guffin v. Kelly, 191 Ga. 880, 14 S.E.2d 50, 54, it was said:

"It is generally held that gifts made in contemplation of marriage are subject to an implied condition that they are to be returned if the donee breaks the engagement, and that the rule applies to real estate as well as personalty; also that in a proper case equity will take jurisdiction to enforce a reconveyance."

See also 24 A.L.R.2d 588; Janes v. Goyne, 8 Cal.App.2d 686, 182 P.2d 231; Priebe v.

Sinclair, 90 Cal.App.2d 79, 202 P.2d 577 and Anderson v. Goins, Tex.Civ.App., 187 S.W. 2d 415.

The judgment is reversed and judgment is rendered for appellant for $4200.00.