Dyess v. Fagerberg 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-148-CV






 PATSY DYESS,



 APPELLANT 


vs.





WILLIAM FAGERBERG,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 92-212-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING 



 




 William Fagerberg sued Patsy Dyess in a bench trial to recover an engagement ring
he gave her in contemplation of marriage. The trial court rendered judgment in favor of
Fagerberg. Dyess appeals. We will affirm the trial court's judgment.



FACTS


 Dyess first met Fagerberg on November 16, 1991, through a video dating service. 
One week later, the two became engaged. Fagerberg was fifty, Dyess was thirty-nine, and each
had been married before. On or about December 6, 1991, Fagerberg purchased a $14,000
diamond engagement ring for Dyess. Fagerberg again proposed marriage to Dyess in the jewelry
store when he gave her the ring, and she again accepted.

 During the beginning of their relationship, Fagerberg and Dyess saw each other
almost daily. By January 15, 1992, however, they began to see less of one another. Thereafter,
Fagerberg was terminated from his job, became ill with the flu, and worked on financing to begin
his own small business. The frequency of their encounters decreased. Dyess recorded the parties'
telephone conversation of March 16, 1992, in which Fagerberg agreed to return a ring Dyess had
given him, and Dyess agreed to return the engagement ring. About a week later, Fagerberg went
to Dyess's home and returned the ring she had given him, but Dyess refused to return her
diamond engagement ring. Fagerberg then sued to recover the ring based upon a breach of her
promise to marry. The trial court heard evidence and rendered judgment in favor of Fagerberg. 
Dyess challenges that judgment on the basis that the evidence is factually insufficient to support
the implied trial court finding that she breached their engagement.



STANDARD OF REVIEW


 The trial court was not requested to, and did not, file findings of fact and
conclusions of law. In their absence, on appeal we disregard any oral pronouncements by the trial
court. In re W.E.R., 669 S.W.2d 716 (Tex. 1984). Instead, we imply all necessary findings of
fact in favor of the judgment. Renfro Drug Co. v. Lewis, 235 S.W.2d 609, 613 (Tex. 1950). 
Implied findings have the same force and dignity as a jury verdict and may be challenged and
reviewed in the same manner as a jury answer or a written trial court finding. Anderson v. City
of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991); Burnett v. Motyka, 610 S.W.2d 735, 736
(Tex. 1980); Nelson v. Jordan, 663 S.W.2d 82, 86 (Tex. App.--Austin 1983, writ ref'd n.r.e.). 
We cannot substitute our judgment for that of the trier of fact even if, after reviewing the
evidence, we might have reached a different result. In re J.R.R., 669 S.W.2d 840, 843 (Tex.
App.--Amarillo 1984, writ dism'd).

 In reviewing a factual sufficiency challenge, an appellate court must consider and
weigh all of the evidence presented in the case, and should set aside the finding only if the
evidence supporting it is so weak or the contrary evidence so overwhelming as to make it
manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244
S.W.2d 660, 661 (Tex. 1951); Nelson, 663 S.W.2d at 86; West v. Watkins, 594 S.W.2d 800, 802
(Tex. Civ. App.--San Antonio 1980, writ ref'd n.r.e.); see also Pool v. Ford Motor Co., 715
S.W.2d 629 (Tex. 1986). See generally William Powers, Jr. & Jack Ratliff, Another Look at "No
Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515 (1991). We must uphold the
judgment on any legal theory that finds support in the evidence. Seaman v. Seaman, 425 S.W.2d
339, 341 (Tex. 1968). 



DISCUSSION


 Few reported Texas cases directly address gifts in contemplation of marriage. Both
Dyess and Fagerberg cite the most recent case addressing this issue, McLain v. Gilliam, 389
S.W.2d 131 (Tex. Civ. App.--Eastland 1965, writ ref'd n.r.e), which states the applicable rule:



A gift to a person to whom the donor is engaged to be married, made in
contemplation of marriage, although absolute in form, is conditional; and on
breach of the marriage engagement by the donee the property may be recovered by
the donor.



Id. at 132; Shaw v. Christie, 160 S.W.2d 989 (Tex. Civ. App.--Beaumont 1942, no writ). See
also Anderson v. Goins, 187 S.W.2d 415 (Tex. Civ. App.--Eastland 1945, no writ).

 Gilliam involved a gift of money. Our search did not reveal any Texas case which
dealt specifically with the return of an engagement ring. Nevertheless, the parties agree that the
rule in Gilliam applies to their dispute, but disagree whether Fagerberg proved facts necessary to
his recovery. 

 In her first point of error, Dyess contends that the trial court's finding that Dyess
had breached the engagement is not supported by factually sufficient evidence. We must
determine whether the trial court's implied finding has some support in the evidence.

 The record shows that early in 1992 Fagerberg and Dyess began spending less time
with each other, with only a few brief encounters in February. By Valentine's Day, Fagerberg
concluded that Dyess no longer was committed to their relationship, and he thought he had
received the "bum's rush" in response to his gift of roses. Other than dinner in late February, the
parties had no contact with each other until the March 16, 1992, phone call. Fagerberg testified
that in response to his Valentine's gift, Dyess had gone "off in a huff." He also claimed that
despite almost daily attempts to call her and repeated messages left at her home and work, she
refused to return his calls; that she in effect had abandoned him; and that he finally called Dyess
to find out "what was going on," since he had not been able to get in touch with her for weeks. 
From her actions since February 14th and her attitude during the March 16th conversation, he
later concluded that she had, for all practical purposes, terminated their engagement Valentine's
Day. Fagerberg claimed Dyess abandoned him after their meeting that day, and that the telephone
call was an attempt to see whether the engagement stood. 

 Two of Fagerberg's acquaintances testified that Fagerberg was "pretty down" about
Dyess's failure to return his calls. They confirmed that Fagerberg did not consider the
engagement terminated until the March 16th conversation.

 Dyess testified that by January 15, 1992, she began to be uncomfortable about her
relationship with Fagerberg. Because of his increasing concern with his finances and job change,
she began to feel "abandoned," but she denied that she wanted to end the engagement. She
claimed that she was too shocked by Fagerberg's call to do anything but agree with Fagerberg's
suggestion to exchange the rings and go their separate ways. Neither Dyess nor Fagerberg could
point to any instances in which either party tried to salvage the engagement after March 16th.

 Considering the conflicting evidence as to who broke the engagement, we hold that
the evidence is factually sufficient to support the trial court's judgment. The trial court in this
proceeding, like the jury in a jury trial, "is the sole judge of the witnesses's credibility and the
weight to be given their testimony." Pilkington v. Kornell, 822 S.W.2d 223, 230 (Tex.
App.--Dallas 1991, writ denied). Accordingly, we overrule Dyess's first point of error.

 In her second point of error, Dyess contends that the trial court erred in rendering
judgment for return of the engagement ring to Fagerberg if it based its decision on a common law
no-fault ground. An appellant's brief must include page references to the record, citation of
authorities relied upon, and a discussion of the facts to support the point at issue. Texaco, Inc.
v. Pennzoil Co., 729 S.W.2d 768, 810 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.),
cert. dism'd, 485 U.S. 994 (1988); Clone Component Distribs., Inc. v. State, 819 S.W.2d 593,
597 (Tex. App.--Dallas 1991, no writ); Tex. R. App. P. 74(f). Since Dyess cites no authorities
in support of her second point of error, it is waived. We therefore overrule Dyess's second point
of error. Rayburn v. Giles, 182 S.W.2d 9, 13 (Tex. Civ. App.--San Antonio 1944, writ ref'd).

 In light of the foregoing, we need not consider appellee Fagerberg's cross points.

 We affirm the judgment of the trial court. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 28, 1994

Do Not Publish