OPINION
 

 HILL, Chief Justice.
 

 Dessie Katherine McClure appeals from the trial court’s decree of divorce from Harold Yoakum McClure, a decree that included a judgment against her in the amount of $41,000 as a reimbursement to Harold’s separate estate for Harold’s separate property that the trial court found to be in Dessie’s possession. She contends in nine points of error that: (1) there is no evidence to support the judgment, or, alternatively, it is against the great weight and preponderance of the evidence; (2) the trial court erred by failing to find that $42,000 delivered by Harold to Dessie was a gift and erred by finding that it was a conditional gift in contemplation of marriage; (3) the trial court abused its discretion in the division of the estate of the parties by ordering Dessie to reimburse Harold $16,000 of the purchase price of the Cadillac awarded to Dessie, or, alternatively, the trial court erred by failing to find that the Cadillac is Dessie’s separate property by reason of its purchase with a gift from Harold combined with partial payment of the purchase money from Dessie’s sepárate property; (4) the trial court erred by failing to find that the $24,500 deposited by Dessie to her separate bank account was a gift to her from Harold; (5) the trial court erred by ordering Dessie to reimburse Harold the sum of $5,500, part of the $24,500; (6) the trial court erred by failing to confirm that the sum of approximately $9,500 in Dessie’s possession and control is her separate property; and (7) the trial court erred by awarding judgment to Harold for attorney’s fees.
 

 We affirm that portion of the judgment decreeing a divorce of the parties but reverse the remainder of the judgment and remand that portion of this cause for further proceed-
 
 *360
 
 mgs because we hold that the trial court erred by finding that the funds given by Harold to Dessie to pay off the indebtedness on her condominium were Harold’s separate property when Dessie, even though she had partially complied with the condition of the gift, had not had an opportunity to fully comply with the condition from the time Harold first indicated a desire to revoke the gift.
 

 Dessie contends in points of error numbers one and two that there is no evidence to support the judgment to Harold of $41,000 or, alternatively, that it is against the great weight and preponderance of the evidence.
 

 Harold and Dessie were married on May 12, 1992. They separated on July 28, 1992. In the decree of divorce the trial court found that one Cadillac automobile was the only community property accumulated by Harold and Dessie during their marriage. The trial court awarded the Cadillac to Dessie.
 

 The court awarded Harold a judgment for $41,000 for his separate property that the court found to be in Dessie’s possession. Dessie questions the legal and factual sufficiency of the evidence to support the trial court’s finding that she has $41,000 of Harold’s separate property in her possession. The trial court filed no findings of fact and conclusions of law, and none were requested.
 

 With respect to Dessie’s no evidence point of error, we must consider only the evidence and inferences that tend to support the trial court’s finding and disregard all evidence and inferences to the contrary.
 
 See Sherman v. First Nat’l Bank,
 
 760 S.W.2d 240, 242 (Tex.1988) (per curiam).
 

 Other than the Cadillac, which the court found to be the only community property accumulated by the parties, all of the property in Dessie’s possession at the time of the divorce consisted of: her own separate property; $19,000, which was the remainder of $24,500 that Dessie withdrew from joint banking accounts funded wholly by Harold’s separate property; and $22,000 remaining from $42,000 Harold had given Dessie to pay off the indebtedness that she owed on an Arlington condominium. She had paid off part of the indebtedness but had put the rest in a personal savings account.
 

 We will first determine whether the evidence supports the trial court’s implied finding that the money taken by Dessie from the couple’s joint account was Harold’s separate property. There is no dispute that the funds belonged to Harold before the marriage. Of the total of $24,500 in funds taken in cash by Dessie, $7,500 was taken from an account at the Community Bank in Granbury styled in the names of Dessie K. or Harold Y. McClure. The parties referred to this account as their “Goldstar” account. Seventeen thousand dollars was taken from a money market account at the same bank. The account was styled in the name of H.Y. or Dessie K. McClure.
 

 Harold testified that he opened the Gold-star account with his separate funds to be an operating account for him and Dessie. He said it was for the use of both of them. With respect to the money market account, Harold, who had the account at the time of the marriage, said he fixed it so that Dessie could sign on it so that if anything should happen to him that she would be able to use it. We hold that this evidence supports the trial court’s finding that the $24,500 taken by Dessie was Harold’s separate property. The trial court could have reasonably determined that Harold intended a gift to the community of any funds reasonably used by the parties for community purposes, but did not intend such a gift when, as here, Dessie withdrew the funds upon advice of counsel in anticipation of the parties’ separation or divorce.
 

 We will next consider whether the remainder of the funds that Harold had given Dessie to pay off her condominium are Harold’s separate property or Dessie’s separate property. It is undisputed that Harold gave the funds to Dessie for the purpose of paying off the indebtedness on her Arlington condominium. It is also undisputed that Dessie only used part of the funds for that purpose, that she is holding the remainder of the funds in a savings account, and that she is indicating that she still wishes to use the funds for the purpose stipulated by Harold. Since the initiation of this action, she has
 
 *361
 
 been enjoined from spending funds except for living expenses.
 

 If a gift is made upon a condition, then failure of, violation of, or refusal to perform the condition by the donee constitutes good ground for revocation of the gift by the donor.
 
 Franklin v. Moss,
 
 101 S.W.2d 711, 714 (Mo.1937);
 
 see also McLain v. Gilliam,
 
 389 S.W.2d 131, 132 (Tex.Civ.App.—Eastland 1965, writ ref'd n.r.e.) (gift made in contemplation of marriage is recoverable if engagement is broken). However, while a voluntary donor may revoke his gift at any time before the compliance by the other party with the condition upon which it is to be delivered, yet, when the donee has partially complied with such condition to the acceptance of the donor, the donor cannot then withdraw his donation without giving the do-nee an opportunity to fully comply.
 
 Brown v. Allbright,
 
 110 Ark. 394, 401, 161 S.W. 1036, 1039 (1913).
 

 There is no evidence that Dessie has been given any opportunity, from the time that Harold first indicated any desire to revoke this conditional gift, to fully comply with the condition.
 

 We hold that as a matter of law this property is Dessie’s separate property if, given such an opportunity, she uses it for the purpose of paying off the indebtedness on her condominium so as to comply with the condition of the gift. Otherwise, it remains Harold’s separate property.
 

 With respect to Dessie’s contention that the trial court’s findings are against the great weight and preponderance of the evidence, we must weigh all of the evidence and, if the finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, we should sustain the point, regardless of whether there is some evidence to support it.
 
 See Watson v. Prewitt,
 
 159 Tex. 305, 305, 320 S.W.2d 815, 816 (1959) (per curiam);
 
 In re King’s Estate,
 
 150 Tex. 662, 664-65, 244 S.W.2d 660, 661 (1951) (per curiam);
 
 Matelski v. Matelski,
 
 840 S.W.2d 124, 128-29 (Tex.App.—Fort Worth 1992, no writ).
 

 Dessie testified that prior to her withdrawal of the $24,500 from their joint account, Harold had told her to get out, and that he would pay her rent, her salary, and her expenses. After he told her that, she said she had to have some money to move on.
 

 We hold that the trial court’s implied finding that the $19,000 remaining from the funds Dessie withdrew is Harold’s separate property is not contrary to the great weight and preponderance of the evidence. Dessie insists that Harold had given her the money when he told her that he would pay her rent, salary, and expenses. There is no indication that the trial court did not consider that those portions of the funds used by Dessie for those purposes was community property or Dessie’s separate property. It is only the funds that Dessie still had at the time of the divorce, funds that she had not used for those purposes, that the court impliedly found to be Harold’s separate property. The trial court could have reasonably determined from these facts that any voluntary obligation on Harold’s part with respect to Des-sie’s rent, salary, or expenses only extended until the date of divorce.
 

 We sustain Dessie’s first point of error, as it relates to the funds given to her to pay off the indebtedness on her condominium, but we overrule both her first point of error and her second point of error, as they relate to those funds that she withdrew from their joint account funded by Harold’s separate property.
 

 Dessie asserts in points of error numbers three and four that the trial court erred by failing to find that the $42,000 was a gift to her from Harold, and that the court erred by finding that it was a conditional gift in contemplation of marriage. In view of our determination of Dessie’s first and second points of error, we need not consider her points of error numbers three and four.
 

 Dessie insists in point of error number five that the trial court abused its discretion by ordering her to reimburse Harold $16,000 of the purchase price of the Cadillac, or, alternatively, by failing to find that the Cadillac is her separate property. This point of error is based upon the assumption that the $41,000 judgment of which Dessie complains is in some way related to the Cadillac.
 
 *362
 
 We see no support for such an assumption in the record. We overrule point of error number five.
 

 Dessie urges in points of error numbers six and seven that the trial court erred by failing to find that the $24,500 that she withdrew from the joint account consisting of Harold’s separate property funds was a gift to her from Harold, and erred by ordering her to reimburse Harold for $5,500 of the $24,500. In our discussion of points of error numbers one and two we have held that there is evidence supporting the trial court’s implied finding that the remaining $19,000 of the $24,500 was Harold’s separate property, and that such a finding was not against the great weight and preponderance of the evidence. Because the evidence was sufficient to support the trial court’s finding, the trial court did not err in failing to find that the property was actually Dessie’s separate property. We overrule point of error number six. We see no support in the record for Dessie’s contention that the trial court ordered her to reimburse Harold for the $5,500 of the $24,-500 that has already been spent. Consequently, we overrule point of error number seven.
 

 In her supplemental brief, Dessie waives point of error number eight.
 

 Dessie argues in point of error number nine that the trial court erred by awarding judgment to Harold for attorney’s fees. Attorney’s fees may be awarded and considered as a factor in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances.
 
 Carle v. Carle,
 
 149 Tex. 469, 474, 234 S.W.2d 1002, 1005 (1950);
 
 In re Read,
 
 634 S.W.2d 343, 345 (Tex.App.—Amarillo 1982, writ dism’d). Inasmuch as we have found there to be error in the court’s findings as to the conditions and circumstances of the parties, we conclude that the issue of attorney’s fees should be remanded to the trial court for reconsideration in view of those changes. In view of the remand, we need not determine Dessie’s point of error number nine.
 

 We affirm that portion of the judgment decreeing a divorce between the parties, but we reverse the remainder of the judgment and remand that portion of this cause for further proceedings in accordance with this opinion. Costs are charged one-half to each party.