In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-171 CV


____________________



LORI DAWN COLEMAN, Appellant



V.
 


MILBURN LEE COLEMAN, Appellee






On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-193,447






MEMORANDUM OPINION


 Appellant Lori Dawn Coleman appeals the division of property in this divorce case,
the trial court's denial of her motion for new trial, and the provision in the divorce decree
holding her responsible for her own attorney's fees. We affirm.

 Lori Coleman and appellee Milburn Lee Coleman were married in 2001. In 2005,
Milburn filed for divorce seeking his separate property and a disproportionate portion of the
community property based on fault in the breakup of marriage, community indebtedness,
ages of the spouses, wasting of community assets, and gifts to or by a spouse during the
marriage. Lori filed an answer asserting entitlement to her separate property and requesting
one-half of their community property. The trial court granted the divorce on grounds of
insupportability and awarded certain assets to Milburn as his separate property, including
"individual retirement accounts, simplified employee pensions, annuities, and variable
annuity life insurance benefits in the husband's name including the [Hartford Account]," as
well as "[a]ll brokerage accounts, stocks, bonds, mutual funds, and securities registered in
the husband's name, together with all dividends, splits, and other rights and privileges in
connection with them." The final divorce decree also ordered, as part of the property
division, that Lori and Milburn each pay his or her own attorney's fees, expenses, and costs. 

 Where, as here, no findings of fact and conclusions of law were filed (1), we must
presume the trial court made the findings necessary to support its rulings, so long as those
implied findings are supported by the record. Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990). Where implied findings of fact are supported by the evidence, we must uphold
the judgment on any legal theory applicable to the case. In re W.E.R., 669 S.W.2d 716, 717
(Tex. 1984). 

 In her first issue, Lori argues the trial court erred in its property division between the
parties. Lori contends the evidence was legally and factually insufficient to support the
property division because Milburn failed to offer any documentary evidence to corroborate
his testimony that individual annuities, variable annuity life insurance benefits, brokerage
accounts, stocks, bonds, mutual funds, and securities in his name constituted separate
property. Lori asserts that based on Milburn's failure to trace his separate property, the
community-property presumption was not rebutted and the assets should be included in the
marital estate. She argues that if this Court holds that these assets were improperly held to
be Milburn's separate property, it would dramatically increase the size of the community
estate. She maintains if the "mischaracterized" retirement account is included in the
community estate and awarded to Milburn, the actual property division is extremely
disproportionate in favor of Milburn. 

 We review a trial court's division of property for abuse of discretion. See Murff v.
Murff, 615 S.W.2d 696, 699 (Tex. 1981); Moroch v. Collins, 174 S.W.3d 849, 857 (Tex.
App.--Dallas 2005, pet. denied). In considering whether the trial court abused its discretion
because the evidence is legally or factually insufficient, we apply a two-prong test: (1) did
the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the
trial court err in its application of that discretion? Moroch, 174 S.W.3d at 857; Boyd v. Boyd,
131 S.W.3d 605, 611 (Tex. App.--Fort Worth 2004, no pet.). We then consider whether,
based on the evidence, the trial court made a reasonable decision. Moroch, 174 S.W.3d at
857; Boyd, 131 S.W.3d at 611.

 In a divorce proceeding, the trial court "shall order a division of the estate of the
parties in a manner that the court deems just and right, having due regard for the rights of
each party and any children of the marriage." Tex. Fam. Code Ann. § 7.001 (Vernon 2006). 
The final divorce decree in the present case simply divides the "marital estate." The trial
court did not "characterize" these assets in the divorce decree as Milburn's separate property
prior to making its division (2), but instead awarded the assets to Milburn as part of the division
of the community property. The wording of the divorce decree does not support Lori's
argument that the trial court implicitly characterized the assets complained of as Milburn's
separate property. 

 Trial courts have wide latitude and discretion in dividing community property. 
Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998). When dividing community
property, the trial court may consider many factors, including each party's earning capacity,
abilities, education, business opportunities, physical health, financial condition, age, and size
of separate estates, as well as any future needs for support, expected inheritance, custody of
any children, reimbursements, gifts to a spouse during marriage, fault in the breakup of the
marriage, length of the marriage, attorney's fees, a spouse's dissipation of the estate, and any
tax consequences. Tex. Fam. Code Ann. § 7.008 (Vernon 2006) (tax consequences); Murff,
615 S.W.2d at 699; Hailey v. Hailey, 176 S.W.3d 374, 380 (Tex. App.--Houston [1st Dist.]
2004, no pet.); Alsenz v. Alsenz, 101 S.W.3d 648, 655 (Tex. App.--Houston [1st Dist.] 2003,
pet. denied); Vannerson v. Vannerson, 857 S.W.2d 659, 669 (Tex. App.--Houston [1st Dist.]
1993, pet. denied); Baccus v. Baccus, 808 S.W.2d 694, 700 (Tex. App.--Beaumont 1991, no
writ); Massey v. Massey, 807 S.W.2d 391, 398 (Tex. App.--Houston [1st Dist.] 1991, writ
denied). 

 The record does not set forth findings of property values sufficient to determine the
relative percentages awarded to the respective parties. For instance, Lori was awarded the
property lawsuit against the City of Port Neches in which she was suing for property damages
resulting from an automobile accident with a Port Neches police car. "[M]ost of [Milburn
and Lori's] personal property," which Lori was moving in a rental trailer, was destroyed in
the accident. No evidence of the amount of damages sought in the lawsuit was presented to
the trial court. 

 Milburn's petition alleged fault grounds and requested an unequal property division. 
The trial court heard testimony from Milburn that during the marriage Lori shot his finger,
filed complaints with the Port Neches Police Department against Milburn thirteen or more
times, and was arrested for cocaine possession (which cost Milburn approximately $50,000
in legal fees). Lori testified she sold Milburn's personal items while he was out of town in
order to pay bills, and she felt entitled to compensation of $100,000 to $150,000 for being
Milburn's "trophy wife." 

 The trial court's role is to weigh the evidence, determine credibility, and divide the
estate based on the court's findings. See Murff, 615 S.W.2d at 700 (noting that the trial court
in a divorce case has the opportunity to observe the parties on the witness stand, determine
credibility, and evaluate their needs). Absent asset values and factual findings, we presume
that the trial court properly considered the parties' circumstances and properly exercised its
discretion in dividing their property. Magill v. Magill, 816 S.W.2d 530, 534 (Tex. App.--Houston [1st Dist.] 1991, writ denied). Based on the record before us, Lori has failed to
demonstrate that the division of property was manifestly unjust as to constitute an abuse of
discretion. We overrule Lori's first issue. 

 In Lori's second issue she argues the trial court abused its discretion in denying her
motion for new trial. Lori's motion for new trial states (1) the evidence was factually
insufficient to support the judgment and (2) the trial court erred in denying her motion for
continuance. We review a trial court's denial of a motion for new trial for abuse of
discretion. Champion Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex.
1988) (orig. proceeding). 

 Because in response to Lori's first issue we have found the evidence sufficient to
support the judgment, we next address her assertion that the trial court erred in denying her
motion for continuance. Her amended motion for continuance stated she was unable to
properly prepare for trial because she deposed Milburn only a day before trial and Milburn
had not produced discovery documents pursuant to the court's order. A motion for
continuance shall not be granted except for sufficient cause supported by an affidavit,
consent of the parties, or by operation of law. Tex. R. Civ. P. 251. Generally, when the
movant fails to provide an affidavit in support of the motion, the appellate court presumes
the trial court did not abuse its discretion in denying the motion for continuance. Villegas
v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). Neither Lori's motion for continuance nor her
amended motion for continuance included a supporting affidavit as required by Rule 251. 
We presume the trial court did not abuse its discretion in denying a continuance, and
therefore, the trial court did not abuse its discretion in denying her motion for new trial on
the basis asserted in her motion for continuance. See id. Lori's second issue is overruled.

 Lori maintains in her third issue that the trial court should have considered the parties'
relative earning capacity and financial condition and awarded her attorney's fees at trial and
on appeal. As part of the divorce decree, the trial court ordered Lori and Milburn each to be
responsible for his or her own attorney's fees, expenses, and costs "[t]o effect an equitable
division of the estate of the parties and as a part of the division[.]" In a suit for dissolution
of a marriage, the trial court may award reasonable costs to a party. Tex. Fam. Code Ann.
§ 6.708 (Vernon 2006). A trial court in a divorce case may award attorney's fees to either
party as part of the property division based on all the surrounding circumstances. Matthews
v. Matthews, 725 S.W.2d 275, 280-81 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd
n.r.e.); see also McClure v. McClure, 870 S.W.2d 358, 362 (Tex. App.--Fort Worth 1994,
no writ). We review a trial court's decision on the award of attorney's fees for an abuse of
discretion. Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). Disparity of income is only
one factor for the trial court to consider in effectuating a just and right division. See Murff,
615 S.W.2d at 699. Absent findings of fact and on this record, the trial court did not abuse
its discretion in ordering the parties to pay their own attorney's fees as part of the property
division. Lori's third issue is overruled. The trial court's judgment is affirmed.

 AFFIRMED. 


 __________________________________

 CHARLES KREGER

 Justice


Submitted on January 25, 2007

Opinion Delivered June 21, 2007



Before Gaultney, Kreger and Horton, JJ.
1. While Lori filed a request for Findings of Fact and Conclusions of Law, she
failed to properly comply with Rule 297 of the Texas Rules of Civil Procedure because
she did not file a "Notice of Past Due Findings of Fact and Conclusions of Law" with the
Court. See Tex. R. Civ. P. 297; Licata v. Licata, 11 S.W.3d 269, 272 (Tex. App.--Houston [14th Dist.] 1999, pet. denied).
2. Although the record includes a letter-ruling from the trial court to the parties
which appears to award Milburn certain financial accounts and the Hartford account as
separate property, a pre-judgment letter does not constitute competent evidence of the
court's ultimate decision or formal findings of fact. See Cherokee Water Co. v. Gregg
County Appraisal Dist., 801 S.W.2d 872, 878 (Tex. 1990); see also Beard v. Beard, 49
S.W.3d 40, 66 (Tex. App.--Waco 2001, pet. denied).