August 14, 2007

The Honorable Cindy Stormer
235th Judicial District Attorney
Cooke County Courthouse
Gainesville, Texas 76240

Opinion No. GA-0562

Re: Whether a district attorney may accept donations of funds (RQ-0571-GA)

Dear Ms. Stormer:

You ask (1) whether you, as District Attorney, may accept donations of funds and use them to pay your employees; (2) whether the Cooke County Commissioners Court must accept donated funds before they may be used to compensate your employees; and (3) whether the Commissioners Court may accept funds donated to compensate your employees but use the funds for a different purpose.[1]

## I.     Background

You inform us that you wish to supplement the compensation that your employees receive from the county. *See* Request Letter, *supra* note 1, at 1. You propose forming a non-profit corporation "whose purpose would be to accept deductible contributions which are then donated to Cooke County or the District Attorney for the express purpose of being used to either increase the compensation paid to the district attorney's employees for their services or otherwise to reward those employees." *Id.*

## II.    District Attorney's Authority to Accept Gifts

You ask first whether, as District Attorney for the 235th Judicial District, you may accept donations and use them to pay your employees at your discretion. *Id.* at 1–2. Chapter 41, subchapter B of the Government Code delineates the general powers of a prosecutor (including a district attorney) and the commissioners court with respect to the prosecutor's staff. *See* TEX. GOV'T CODE ANN. §§ 41.101–.110 (Vernon 2004) (subchapter B, entitled "Staff of Prosecuting Attorney"). Subchapter B authorizes a district attorney to hire assistants and other personnel and to "fix" their salaries. *See id.* §§ 41.102(a), .106(a). But the district attorney's authority to "fix" employee salaries

---

[1] *See* Letter from Honorable Cindy Stormer, District Attorney, 235th Judicial District, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (Feb. 16, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

is subject to the commissioners court's approval, and the court may accept or change the amount of such salaries when it approves the county's budget. *See id.* § 41.106(a); *Comm'rs Court of Caldwell County v. Criminal Dist. Attorney*, 690 S.W.2d 932, 936–39 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (construing the predecessor of TEX. GOV'T CODE ANN. § 41.106).[2]

Chapter 41, subchapter B expressly addresses donations for prosecutorial purposes. Section 41.108 grants authority to the "commissioners court of the county or counties composing a district [to] accept gifts and grants from any foundation or association for the purpose of financing adequate and effective prosecution programs in the county or district." TEX. GOV'T CODE ANN. § 41.108 (Vernon 2004). No statute in chapter 41 or elsewhere grants comparable authority to prosecutors generally.[3] Instead, the Legislature has given two individual prosecutors the authority to accept gifts and grants, which would have been unnecessary if prosecutors as a class possessed such authority. *See* TEX. GOV'T CODE ANN. § 44.337 (Vernon 2004) (establishing office of criminal district attorney for Waller County and authorizing that officer to accept certain gifts and grants to finance or assist with prosecutions); *id.* § 45.145 (establishing duties of county attorney of Colorado County and authorizing that officer and the commissioners court to accept gifts or grants "for the purpose of financing or assisting the operation of the office of county attorney"). Because statutes expressly authorize a commissioners court to accept grants and gifts, but do not grant comparable authority to a prosecutor except in two instances, we may conclude that the Legislature did not intend to bestow such authority on prosecutors generally. *See Johnson v. Second Injury Fund*, 688 S.W.2d 107, 109 (Tex. 1985) (stating that "it is a settled rule [of statutory construction] that the express mention or enumeration of one person, thing, consequence, or class is equivalent to an express exclusion of all others" (quoting *State v. Mauritz-Wells Co.*, 175 S.W.2d 238, 241 (Tex. 1943))).

We conclude that prosecuting attorneys do not have the authority to accept gifts or grants except as expressly provided by statute. And because no statute provides your office with such authority, we conclude you do not have the authority to accept donations as you propose. *See* TEX. GOV'T CODE ANN. § 43.169 (Vernon 2004) (establishing office of district attorney for the 235th Judicial District); *see also* Tex. Att'y Gen. LO-94-083, at 1, 3 (concluding that a district attorney lacks authority to accept contributions for prosecution programs). Because you do not have authority to accept donations, we need not address your questions that are predicated on your possessing such authority. *See* Request Letter, *supra* note 1, at 1–2.

---

[2]The commissioners court does not have complete authority to determine the compensation of a district attorney's assistants and staff. For example, the commissioners court may not reduce the salary of an assistant prosecutor receiving longevity pay to offset the amount of such pay. *See* TEX. GOV'T CODE ANN. § 41.255(b) (Vernon 2004). Also, a prosecutor has sole discretion to expend the "hot check fund," limited to the office's expenses and employee salaries. *See* TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon 2006).

[3]Chapter 41's only other reference to the acceptance of gifts is section 41.004 of the Government Code, which provides that a district or county attorney "may not take from any person a fee, article of value, compensation, reward, or gift, or a promise of any of these, to prosecute a case that he is required by law to prosecute." TEX. GOV'T CODE ANN. § 41.004(a) (Vernon 2004). The courts have not yet determined the scope of this ban, however. *See State v. Terrazas*, 970 S.W.2d 157, 160 (Tex. App.—El Paso 1998) (suggesting without deciding that the statute may apply to individual officers rather than to the office of a district or county attorney), *aff'd*, 4 S.W.3d 720 (Tex. Crim. App. 1999).

### III.    Commissioners Court's Authority to Accept Donations

You ask whether the Commissioners Court "can (or must)" accept funds donated to compensate your employees "to be effectual." Request Letter, *supra* note 1, at 2. We first consider a commissioner court's authority to accept gifts. Section 81.032 of the Local Government Code expressly authorizes a commissioners court to "accept a gift, grant, donation, bequest, or devise of money or other property on behalf of the county for the purpose of performing a function conferred by law on the county or a county officer." TEX. LOC. GOV'T CODE ANN. § 81.032 (Vernon Supp. 2006).[4] Compensation of the district attorney's employees is a "function conferred by law on the county." *See id.*; TEX. GOV'T CODE ANN. § 41.106(a) (Vernon 2004). Consequently, a commissioners court may accept donations of funds to compensate the district attorney's employees, provided the court exercises that authority consistently with the constitution and other law.[5]

The second aspect of your question is whether the Commissioners Court *must* accept a donation to compensate your employees to "be effectual," i.e., whether donated funds must be accepted by the Commissioners Court before they may be paid to your employees. Request Letter, *supra* note 1, at 2. Other than the commissioners court, no county or district official is authorized to accept donations for prosecutorial purposes. *See* TEX. GOV'T CODE ANN. § 41.106(a) (Vernon 2004); Tex. Att'y Gen. Op. No. GA-0229 (2004) at 10 (observing that absent "a specific statute authorizing the sheriff, or any other county official, to accept donated property, the commissioners court is the proper body to accept property donations on the county's behalf"). And, donations directly from a private entity to the employees would likely constitute an illegal gift. *See* TEX. PENAL CODE ANN. §§ 36.08–.09 (Vernon 2003), 36.10 (Vernon Supp. 2006) (generally prohibiting gifts to public servants); *see also Kasling v. Morris*, 9 S.W. 739, 740 (Tex. 1888) (holding that a peace officer is not entitled to compensation from a private party for performing acts which it is his official duty to perform); *Crosby County Cattle Co. v. McDermett*, 281 S.W. 293, 293–94 (Tex. Civ. App.—Amarillo 1926, no writ) (holding that a public officer is not entitled to compensation from a private party "for the performance of acts within the scope of his official duties"). Thus, we conclude that acceptance of donated funds by a commissioners court is necessary before such funds may be used to compensate a district attorney's employees.

---

[4]Section 41.108 of the Government Code, discussed above, also authorizes a commissioners court to accept gifts and donations "for the purpose of financing adequate and effective prosecution programs." *See* TEX. GOV'T CODE ANN. § 41.108 (Vernon 2004). However, the statutes do not define the term "prosecution programs," and the courts have not addressed whether section 41.108 authorizes acceptance of donations for prosecutor employee compensation. Because we conclude that commissioners courts have such authority under section 81.032 of the Local Government Code, we need not construe the scope of section 41.108 of the Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 81.032 (Vernon Supp. 2006).

[5]This office has observed that section 81.032 of the Local Government Code does not allow a commissioners court to accept donations for purposes contrary to the constitution or law. *See* Tex. Att'y Gen. Op. No. GA-0345 (2005) at 2–3 (discussing TEX. LOC. GOV'T CODE ANN. § 81.032). Article III, section 53 of the Texas Constitution denies counties the authority to grant "any extra compensation, fee or allowance to a public officer, agent, [or] servant . . . after service has been rendered." *See* TEX. CONST. art. III, § 53. Accordingly, while the commissioners court may accept donations for the purpose of prospectively supplementing the salaries of the district attorney's employees, the funds may not be paid as a bonus for services previously rendered. *See id.*; Tex. Att'y Gen. Op. No. JM-1253 (1990) at 2–3.

## IV.   Commissioners Court's Discretion to Use Funds Donated for a Specific Purpose

Finally, you ask whether the Commissioners Court may accept funds donated for the purpose of compensating your employees, but use the funds for some other purpose. *See* Request Letter, *supra* note 1, at 2. A county commissioners court's authority to determine the county's budget and to appropriate its funds is generally broad. *See Hooten v. Enriquez*, 863 S.W.2d 522, 529 (Tex. App.—El Paso 1993, no writ) (observing that "[g]enerally, the allocation of county funds is . . . left to the sound discretion of the commissioners court"); *see also City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 27 (Tex. 2003) (stating that a commissioners court's primary duty is to administer the county's business affairs). Section 41.108 of the Government Code authorizes a commissioners court to accept gifts and grants "for the purpose of financing adequate and effective prosecution programs in the county or district." TEX. GOV'T CODE ANN. § 41.108 (Vernon 2004). Section 81.032 of the Local Government Code authorizes a commissioners court to accept gifts or donations "for the purpose of performing a [county] function." *See* TEX. LOC. GOV'T CODE ANN. § 81.032 (Vernon Supp. 2006). While the commissioners court's authority under these statutes is limited to accepting gifts donated for the purposes of "prosecution programs" and other county functions, neither statute answers whether a commissioners court must use donated funds only as specified by the donor.

The common law of gifts, however, limits a commissioners court's authority to expend funds that are donated subject to a specific condition on their use. Under the common law, a donor who makes a gift subject to a condition may revoke the gift if the donee refuses to perform or otherwise violates the condition. *See McClure v. McClure*, 870 S.W.2d 358, 361 (Tex. App.—Fort Worth 1994, no writ); *cf. Stewart v. Blain*, 159 S.W. 928, 930–31 (Tex. Civ. App.—Galveston 1913, no writ) (holding that a county's sale of property that was donated for school purposes violated a conditional limitation and resulted in reversion of the property to the donors). Consistent with the law concerning conditional gifts, this office has advised that section 41.108 of the Government Code grants a commissioners court discretion to determine how to use donated funds to finance adequate and effective prosecutorial programs, but only "to the extent that it will not contravene any valid conditions placed upon the contribution (to which the county has agreed)." *See* Tex. Att'y Gen. LO-94-083, at 3 (concluding that district attorney lacked authority to accept contributions for prosecutorial programs). We conclude that if a commissioners court accepts funds that were donated on condition that they be used to compensate the district attorney's employees, but uses the funds for an inconsistent purpose, the commissioners court risks revocation of the donated funds.

### S U M M A R Y

District attorneys generally are not authorized to accept funds donated to compensate their employees.  A commissioners court is authorized to accept such donations, and a commissioners court's acceptance of such donations is necessary before the funds may be used to compensate a district attorney's employees.

A commissioners court that accepts funds donated on condition that the funds be used to compensate the district attorney's employees, but fails to use the funds for that purpose, risks revocation of the donation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee