July 25, 2012

The Honorable David A. Castillo
52nd Judicial District Attorney
Coryell County
Post Office Box 919
Gatesville, Texas 76528-0919

Opinion No. GA-0956

Re: Status of unused funds of a county's crime victims' office (RQ-1049-GA)

Dear Mr. Castillo:

You ask whether "property acquired by a Crime Victim's Office through fundraisers and donations become[s] county property."[1] You also ask whether a crime has been committed "[i]f the Crime Victim's Coordinator then disposes of the property through an [I]nternet website." Request Letter at 1. As background to your questions, you inform us that the "Coryell County Crime Victim's Office was attempting to raise money for the purchase of new furniture in the expectation of moving into a bigger office." *Id.* You tell us the crime victim coordinator deposited money, raised through fundraisers, silent auctions, and donations, with the county auditor instead of opening a new checking account. *See id.* You also tell us the county auditor placed the funds into Coryell County's (the "County") general fund. *See id.* You tell us further that upon learning the crime victims' office would not be moving into the bigger office, the coordinator proceeded to auction some items on an Internet auction site and sold the furniture that had been purchased with the raised funds. *See id.* You do not seek our opinion on the statutory propriety of the various activities undertaken in the crime victims' office's fundraising efforts. We do not address such issues and limit this opinion accordingly.

No statute or court decision of which we are aware directly addresses your first question. However, Opinion LO-94-083 addressed a similar question. In Opinion LO-94-083, a district attorney inquired about his acceptance of a contribution from a nonprofit corporation for the purpose of enhancing his office's ability to prosecute a specific type of theft. Tex. Att'y Gen. LO-94-083, at 1. The contribution had been accepted by the district attorney several years prior to the opinion request. *See id.* In Opinion LO-94-083, this office examined chapter 41 of the Government Code, which governs prosecuting attorneys. *See id.*; *see also* TEX. GOV'T CODE ANN. §§ 41.101 (West 2004) (defining "prosecuting attorney" to include district attorneys), 41.001–.310 (West 2004 &

---

[1]*See* Letter from Honorable David A. Castillo, 52nd Judicial Dist. Att'y, Coryell Cnty., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (rec'd Mar. 29, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Supp. 2011) (governing prosecuting attorneys). The Opinion noted that chapter 41 did not expressly authorize a prosecuting attorney to accept contributions on behalf of his or her office. *See* Tex. Att'y Gen. LO-94-083, at 1 (noting also that chapter 41 prohibited a district attorney from accepting a gift to prosecute a case that the law required a district attorney to prosecute); *see also* Tex. Att'y Gen. Op. No. GA-0562 (2007) at 2 (concluding "that prosecuting attorneys do not have the authority to accept gifts or grants except as expressly provided by statute"). The Opinion also considered that the chapter did expressly authorize the county commissioners court to accept gifts and grants for the purpose of financing adequate and effective prosecutorial programs. *See* Tex. Att'y Gen. LO-94-083, at 1 (citing Government Code section 41.108); Tex. Att'y Gen. Op. No. GA-0562 (2007) at 2 (concluding based on section 81.032 of the Local Government Code that commissioners court may accept donations of funds to compensate district attorney employees). Based on this authority, Opinion LO-94-083 concluded that because only the commissioners court had authority to accept gifts, the contribution, received years prior and accepted by the district attorney, belonged to the county. *See* Tex. Att'y Gen. LO-94-083, at 2.

A court could find that the same conclusion holds in the situation about which you inquire. The County's crime victims' office is a subdivision of the district attorney's office. *See generally* TEX. CODE CRIM. PROC. ANN. art. 56.04 (West Supp. 2011) (providing that the "district attorney . . . who prosecutes criminal cases shall designate a person to serve as victim assistance coordinator in that jurisdiction"). And because the County's district attorney's office lacks authority to accept gifts and donations, by extension so does its crime victims' component. Moreover, we find no statutory provision generally authorizing the County's crime victims' office to accept gifts or donations. *But see* TEX. GOV'T CODE ANN. § 44.115(f) (West 2004) (authorizing Bexar County Commissioners Court to accept gifts "for the purpose of financing or assisting effective . . . crime victim's assistance" in the county); Tex. Att'y Gen. Op. No. GA-0562 (2007) at 2 (noting that particular statutes giving individual county prosecutors authority to accept gifts and grants would be "unnecessary if prosecutors as a class possessed such authority"). Given the crime victims' office's lack of authority to accept gifts and the fact that the commissioners court is the body authorized to accept gifts, we conclude, as this office did in Opinion LO-94-083, that the donated property here belongs to the County rather than to the crime victims' office. *See* Tex. Att'y Gen. LO-94-083, at 2; *see also* TEX. GOV'T CODE ANN. § 41.108 (West 2004) ("The commissioners court of the county . . . may accept gifts and grants from any foundation or association for the purpose of financing adequate and effective prosecution programs in the county . . . .").

Our conclusion that the property belongs to the County does not mean that the County has unfettered discretion to spend funds or utilize property donated to the crime victims' office. In Attorney General Opinion GA-0562, we noted that the common law of gifts "limits a commissioners court's authority to expend funds that are donated subject to a specific condition on their use." Tex. Att'y Gen. Op. No. GA-0562 (2007) at 4; *see McClure v. McClure*, 870 S.W.2d 358, 361 (Tex. App.—Fort Worth 1994, no writ) ("If a gift is made upon a condition, then failure of, violation of, or refusal to perform the condition by the donee constitutes a good ground for revocation of the gift by the donor."). You do not tell us whether the funds and property were provided subject to a condition that they be utilized only for crime victims' assistance. To the extent such conditions

exist, the commissioners court risks revocation of the donations if it uses the gifts for an inconsistent purpose. *See id.*

We cannot answer your second question because the question of "[w]hether a person has committed a crime in any particular circumstance is a question of fact that cannot be resolved in an attorney general opinion." Tex. Att'y Gen. Op. No. JC-0256 (2000) at 3; *see also* Tex. Att'y Gen. Op. Nos. GA-0326 (2005) at 6, JC-0020 (1999) at 2, DM-98 (1992) at 3, H-56 (1973) at 3; *see also* Tex. Att'y Gen. Op. No. GA-0765 (2010) at 3 (concluding that "[a] district attorney's determination regarding the initiation of criminal proceedings is within the prosecutor's substantial discretion").

### S U M M A R Y

Given the crime victims' office's lack of authority to accept gifts and donations and the fact that the county commissioners court is the body authorized to accept gifts, a court could conclude that the property donated to the crime victims' office here can belong only to Coryell County.

The question of whether a person has committed a crime in any particular circumstance is a question of fact that cannot be resolved in an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee